UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-124-RLV
(5:94-cr-5-RLV-1)

| | |
|---|---|
| ANTHONY GEORGE ROSS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), on Petitioner's Motion for Extension of Time to File Delayed Supporting Memorandum of Law, (Doc. No. 4), on a Motion to Withdraw as Counsel filed by the Federal Defenders of Western North Carolina, (Doc. No. 7), and on Petitioner's Motion for Show Cause Hearing, (Doc. No. 8). For the reasons that follow, Petitioner's motion to vacate will be denied, and the Section 2255 petition will be dismissed as untimely.

## I. BACKGROUND

On June 9, 1994, Petitioner was found guilty after a jury trial and convicted of nine counts—one count of conspiracy to commit a federal offense, under 18 U.S.C. § 371 (Count One); two counts of bank robbery and aiding and abetting the same, under 18 U.S.C. § 2113(a) and § 2 (Counts Two and Six); two counts of armed bank robbery, under 18 U.S.C. § 2113(d) (Counts Three and Seven); two counts of use of a firearm in relation to a crime of violence, under 18 U.S.C. § 924(c)(1) (Counts Four and Eight); and two counts of possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g)(1) (Counts Five and Nine). See (Criminal Case

1

No. 5:94-cr-5, Doc. No. 51: Judgment). On August 19, 1994, this Court sentenced Petitioner to 294 months imprisonment on Counts 1, 2, 3, 6, 7 and 9, 60 months imprisonment on Count 4 to run consecutively to Counts 1, 2, 3, 5, 6, 7 and 9, and 240 months imprisonment on Count 8 to run consecutively to all other counts, plus 5 years of supervised release for each of Counts 3 and 7, and 3 years for each of Counts 1, 2, 4, 5, 6, 8 and 9, to run concurrently. (Id.).

On August 25, 1994, Petitioner filed a Notice of Appeal and on February 16, 1996, the Fourth Circuit Court of Appeals affirmed the judgment in part and vacated in part in an unpublished opinion. United States v. Ross, 77 F.3d 472 (4th Cir. 1996). The Court vacated the judgment with regard to the § 2113(a) convictions and remanded the case to this Court to strike the § 2113(a) convictions. On March 25, 1996, this Court entered an amended judgment vacating the § 2113(a) convictions, leaving unchanged the term of imprisonment and supervised release, and reducing the assessment and the fine.

On February 8, 2006, the Fourth Circuit entered an Order denying as unnecessary Petitioner's motion to file a successive petition under 28 U.S.C. § 2244.[1] (Criminal Case No. 5:94-cr-5-RLV, Doc. No. 63). Then, on November 27, 2006, Petitioner filed a "Petition for Writ of Habeas Corpus" in this Court. (5:06cv153, Doc. No. 1). The Court treated Petitioner's petition as a petition for relief under 28 U.S.C. § 1651 and denied the petition on December 28, 2006. (Id., Doc. No. 2).

Petitioner placed the motion to vacate in the prison mail system on August 13, 2012, and it was stamp-filed in this Court on August 20, 2012. In his motion, Petitioner contends that his trial counsel was ineffective because counsel advised Petitioner to reject a plea offer that would

---

[1] Presumably, the Fourth Circuit denied the motion as unnecessary because Petitioner had not yet filed his first Section 2255 motion. Upon review of the docket in this matter, this appears to be Petitioner's first Section 2255 motion.

2

have resulted in a sentence of 240 months, as opposed to the 594 months that Petitioner received. Petitioner contends that counsel rendered ineffective assistance of counsel under the Supreme Court's decision in Lafler v. Cooper, 132 S. Ct. 1376 (2012). Petitioner also states that he is entitled to relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Petitioner notes that his criminal history category of Level VI was due in part to two prior convictions for which Petitioner received only probation. Petitioner states that he was assessed six points for the two prior convictions, which increased his criminal history category from a Level V, with a prison range of 235 to 293 months, to a Level VI, with a prison range of 262 to 327 months. Petitioner contends that, under Simmons, he is "actually innocent of a major portion of his 594 month prison sentence." (Doc. No. 5 at 6).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

3

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner was sentenced on August 19, 1994, and judgment was entered on September 26, 1994. After the Fourth Circuit Court of Appeals reversed in part, an amended judgment was entered on March 25, 1996. Plaintiff did not file the instant motion until around August 13, 2012, more than sixteen years after Petitioner's judgment became final. Thus, the Section 2255 petition is untimely. In Section 18 of the petition regarding timeliness, Petitioner states that the petition "is timely under 28 U.S.C. § 2255(f)(3) and (4), see Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012); Padilla v. Kentucky, 130 S. Ct. 1473 (2010); United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)." (Doc. No. 1 at 12).

Petitioner's contention that the petition is timely under 28 U.S.C. § 2255(f)(3) and (4) is without merit. First, Section 2255(f)(3) provides that the petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner cites to Missouri v. Frye, 132 S. Ct. 1399 (2012), Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Padilla v. Kentucky, 130 S. Ct. 1473 (2010) as Supreme Court cases that he contends have been made retroactively applicable to cases on collateral review. The

4

petition, however, is not timely under Section 2255(f)(3) because the cases Petitioner cites have not been made retroactively available on collateral review. That is, the Supreme Court held in Lafler and Frye that the Sixth Amendment right to counsel is violated when a defendant receives a harsher sentence as a result of the attorney's constitutionally deficient advice to reject a plea bargain, see Lafler, 132 S. Ct. at 1383, 1390-91, or as a result of an attorney's failure to inform the defendant of a plea offer from the government, see Frye, 132 S. Ct. at 1404, 1410-11. However, the Supreme Court has not held that either of these cases established a new right that is retroactively applicable to cases on collateral review. See In re King, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878, 880 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Arras, No. 12-2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012).

As for Padilla v. Kentucky, which was issued on March 31, 2010, the Supreme Court found that a claim that counsel failed to advise a defendant of the immigration consequences of pleading guilty is subject to the two-pronged analysis set out in Strickland v. Washington, 466 U.S. 688 (1984). Padilla, 130 S. Ct. at 1482. The U.S. Supreme Court recently held that Padilla did not recognize a new right that is retroactively applicable to cases on collateral review. Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (observing that "garden-variety applications of the test in Strickland v. Washington . . . for assessing claims of ineffective assistance of counsel do not produce new rules"). Thus, the petition is not timely under § 2255(f)(3) as Petitioner contends.[2]

---

[2] In any event, the one-year period set forth in Section 2255(f)(3) begins to run on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). "An applicant has one year from the date on which the right he asserts was initially recognized

5

Next, Section 2255(f)(4) provides that the petition may be filed within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." As to Petitioner's contention that his petition is timely under Section 2255(f)(4) because it was filed within one year (from ninety days) after Simmons issued, it is well established by now that Simmons is not a "fact" that triggers Section 2255(f)(4).[3] See McLeod v. United States, No. 5:12cv622, 2013 WL 831633 (E.D.N.C. Mar. 6, 2013) (petitioner's motion to vacate seeking Simmons relief was not timely under Section 2255(f)(4)); Farmer v. United States, No. 5:02-CR-131-BO, 2012 WL 5835524, at *1 n.1 (E.D.N.C. Nov. 16, 2012) ("[T]he Court does not find that Simmons could be a new fact supporting [petitioner's] claim discoverable through the exercise of due diligence.") (citations omitted)); United States v. Anderson, No. 0:04-353-CMC, 2012 WL 1594156, at *2 (D.S.C. May 7, 2012) (holding that Simmons "is not a 'fact' which triggers § 2255(f)(4)"), appeal dismissed, No. 12-6961 (4th Cir. Nov. 7, 2012); United States v. Hardison, No. 4:11-CV-196–FL, 4:08-CR-77-FL-2, 2011 WL 6780783, at *2 (E.D.N.C. Dec. 27, 2011) ("[T]he Fourth Circuit's decision in Simmons does not constitute a 'fact supporting [petitioner's] claim.'").

IV. **CONCLUSION**

In sum, for the reasons stated herein, Petitioner's Section 2255 motion is untimely, and the petition will therefore be dismissed.[4]

---

by this Court." Dodd v. United States, 545 U.S. 353, 357 (2005). The Section 2255 petition in this case was not filed within one year of the issuance of Padilla, nor has Petitioner shown how Padilla even applies to his case.

[3] In any event, as to Petitioner's argument that he is entitled to relief under Simmons because two of his prior convictions increased his criminal history category level, the rule in Simmons has no application to Petitioner's criminal history category under the Sentencing Guidelines.

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th

6

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED**.

2. Petitioner's Motion for Extension of Time to File Delayed Supporting Memorandum of Law, (Doc. No. 4), is **GRANTED**; the Motion to Withdraw as Counsel for Petitioner by the Federal Defenders of Western North Carolina, (Doc. No. 7), is **GRANTED**; and Petitioner's Motion for Show Cause Hearing, (Doc. No. 8), is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2255 petition and his memorandum in support of the petition, Petitioner addressed the statute of limitations issue, contending that his petition is timely under Section 2255(f)(3) and (f)(4). Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

Signed: September 20,

Richard L. Voorhees
United States District Judge