UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00121-RJC
(5:94-cr-00005-RJC-1)

| | |
|---|---|
| **ANTHONY GEORGE ROSS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), and Petitioner's Supplemental Memorandum (Doc. No. 13), in which Petitioner concedes that his Motion is time-barred. Petitioner is represented by the Office of the Federal Public Defender for the Western District of North Carolina.

On June 9, 1994, Petitioner was found guilty of conspiracy to use a firearm in a crime of violence; two counts of taking money from a bank by force and aiding and abetting the same; two counts of armed bank robbery; two counts of using and carrying a firearm during a crime of violence; and two counts of possession of a firearm by a convicted felon, all in violation of federal law. Verdict, United States v. Ross, No. 5:94-cr-00005-RJC-1 (W.D.N.C.), Doc. No. 45. The presentence report found Petitioner had two qualifying prior convictions that triggered the career-offender enhancement under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.2: a North Carolina conviction for robbery with a firearm, and a North Carolina conviction for common law robbery. The Court applied § 4B1.2 to determine Petitioner's sentencing guideline range (§ 2255 Mot. 1-2, Doc. No. 1) and imposed a total aggregate sentence of 594 months in prison, see Am. J.,

1

Ross, id. at Doc. No. 56.

On June 23, 2016, Petitioner filed the instant § 2255 Motion to Vacate challenging the Court's application of the career-offender guideline, U.S.S.G. § 4B1.2, in determining his sentencing range. (§ 2255 Mot. 2-5). Petitioner argues that he no longer qualifies as a career-offender in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Due Process Clause, id., 135 S. Ct. at 2563, but did not address the residual clause under the career-offender sentencing guideline.

On October 7, 2016, the Court granted the Government's Motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544, in which the petitioner argued that, under Johnson, his career-offender sentence was erroneously enhanced by an unconstitutionally vague residual clause of U.S.S.G. § 4B1.2. (Doc. No. 5). The Supreme Court issued its opinion on March 6, 2017, holding that because the sentencing guidelines are not mandatory, they "are not subject to vagueness challenges under the Due Process Clause" and Johnson, therefore, does not apply to invalidate the residual clause of the career-offender guideline. Beckles v. United States, 137 S.Ct. 886, 890, 895 (2017). Beckles, however, did not resolve the question of whether Johnson's constitutional holding applies retroactively to those defendants, like Petitioner, who were sentenced before United States v. Booker, 543 U.S. 220 (2005), when the sentencing guidelines were mandatory rather than advisory. Because that issue was before the Fourth Circuit Court of Appeals, this Court granted Petitioner's subsequent motion to hold this action in abeyance pending the Fourth Circuit's decision in United States v. Brown, No. 16-7065. (Doc. No. 9).

On August 21, 2017, the Fourth Circuit issued its opinion in Brown, holding that because neither Johnson, Beckles, nor any other Supreme Court case has recognized the specific right to

relief sought by Brown, his § 2255 motion was "untimely under 28 U.S.C. § 2255(f)(3)."[1] United States v. Brown, 868 F.3d 297, 299 (4th Cir. 2017), rehr'g and rehr'g en banc denied, 891 F.3d 115 (4th Cir. 2018). The United States Supreme Court denied certiorari review, Brown v. United States, 2018 WL 2877128 (Oct. 15, 2018), leaving the Fourth Circuit's decision intact.

On November 7, 2018, Petitioner filed a supplemental memorandum stating the parties agree that based on the Supreme Court's denial of certiorari, Petitioner's claim is time-barred under the holding in Brown, 868 F.3d at 299. (Doc. No. 13). In his Motion to Vacate, Petitioner argues his Motion is timely under 28 U.S.C. § 2255(f)(3) because it was filed within one year of Johnson. The Court agrees the Motion to Vacate is untimely and will dismiss it on that basis.

Nevertheless, Petitioner seeks an order from the Court granting a certificate of appealability. Petitioner contends that reasonable jurists would disagree about the correctness of the Court's dismissal of a motion to vacate as time-barred where a petitioner who was sentenced as a career-offender prior to Booker raises a Johnson claim within a year of that decision. (Suppl. Mem. 2-4, Doc. No. 13).

The Court recognizes that Justice Sotomayor and Justice Ginsburg dissented from the Supreme Court's denial of certiorari in Brown, and that Chief Judge Gregory dissented from the Fourth Circuit's panel decision in Brown, as well as the decision to deny rehearing and rehearing en banc. This Court, however, is bound by Fourth Circuit precedent, which clearly dictates that Petitioner's Motion to Vacate is untimely. Accordingly, the Court declines to issue a certificate

---

[1] A motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 must be filed within one year of the date on which: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; *(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4) (emphasis added).

of appealability as Brown is settled law in this circuit.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED as untimely**; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 14, 2018

Robert J. Conrad, Jr.
United States District Judge