IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:94-CR-00005-KDB

UNITED STATES OF AMERICA,

v.

ANTHONY GEORGE ROSS,

Defendant.

ORDER

**THIS MATTER** is before the Court on Defendant's *pro se* motion for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 80).

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of the Bureau of Prisons (BOP). Now a prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant has requested compassionate release from the warden at his facility. The warden denied Defendant's request on July 4, 2020. However, Defendant has not "*fully* exhausted all administrative rights" as required under the statute because he has not completed the appeals process available to him within the BOP.[1] Defendant, recognizing his appeal rights within the BOP, claims that he has appealed the warden's denial to the Regional Director. (Doc. No. 80, at 2) (". . . Ross proceeded forward with exhaustion by preparing and forwarding

---

[1] A defendant can appeal the warden's denial to the appropriate Regional Director (BP-10). If a defendant is denied by the Regional Director, he can appeal to the BOP's General Counsel (BP-11).

his BP-10 to the Northeast Regional Office for the Bureau of Prisons."). Rather than dismiss his motion, Defendant asks that the Court "hold the case in abeyance pending [his] presentation of proof of full exhaustion." (Doc. No. 80, at 3). This Court dismisses motions under 18 U.S.C. § 3582(c)(1)(A) without prejudice when the defendant has failed to fully exhaust his administrative remedies available to him within the BOP. Thus, there is no harm in dismissing Defendant's current motion for failure to exhaust without prejudice to a renewed motion after full exhaustion of his administrative remedies. Because Defendant may file a renewed motion once he has fully exhausted his remedies within the BOP, the Court will deny his motion without prejudice rather than hold the case in abeyance as Defendant requests.

Defendant claims that the BOP has a "boilerplate" response to motions for compassionate release designed "to systematically deny each and every request for administrative remedy submitted by inmates." (Doc. No. 80, at 3). Defendant's bare assertion that the BOP "systematically denies" requests for compassionate release or home confinement is not sufficient reason to excuse the administrative exhaustion requirement under § 3582. Defendant is free to appeal the warden's denial to the Regional Director (BP-9) and General Counsel (BP-10). Once he has done so, he may petition this Court for compassionate release under § 3582(c)(1)(A).

**IT IS THEREFORE ORDERED** that Defendant's *pro se* motion for modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 80), is **DENIED** without prejudice to a renewed motion upon full exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: September 14, 2020

Kenneth D. Bell
United States District Judge