UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:94-cr-00005-KDB-1

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
|  | ) | **ORDER** |
| vs. | ) |  |
|  | ) |  |
|  | ) |  |
| **ANTHONY GEORGE ROSS,** | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court upon the Motion to Vacate Judgment filed by Defendant Anthony George Ross on December 3, 2018, in which the Defendant moves this Court to vacate counts 4 and 8 of the indictment through Rules 33 and 48 of the Federal Rules of Criminal Procedure. [Doc. 73]. For the reasons set forth below, Defendant's motion is dismissed as an improper and untimely attempt to file a successive 28 U.S.C. § 2255 petition.

## I. PROCEDURAL HISTORY

Defendant was convicted of conspiracy to commit a federal offense (count 1), two counts of bank robbery and aiding and abetting same (counts 2 & 6); two counts of armed bank robbery (counts 3 & 7); two counts of using and carrying a firearm during a crime of violence (counts 4 & 8); and two counts of possession of a firearm by a convicted felon (counts 5 & 9). [Doc. 51]. Defendant was sentenced to 294 months imprisonment for counts 1, 2, 3, 5, 6, 7, & 9; 60 months imprisonment for count 4, to run consecutively; and 240 months for count 8, to run consecutively. Id. Defendant also received 5 years of supervised release for counts 3 and 7 and 3 years of supervised release for counts 1, 2, 4, 5, 6, 8 & 9, to run concurrently. Id.

1

Following Defendant's direct appeal, the Fourth Circuit Court of Appeals affirmed the judgment in part and remanded the case with instructions to vacate Defendant's § 2113(a) convictions (counts 2 & 6). United States v. Ross, 77 F.3d 472 (4th Cir. 1996). This Court entered an amended judgment on March 25, 1996 striking counts 2 & 6, leaving the remainder of Defendant's sentence unchanged. [Doc. 56].

On August 20, 2012, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 US.C. § 2255 in case 5:12-cv-124. [Case 5:12-cv-124, Doc. 1]. This Court entered an Order on September 20, 2013 denying and dismissing the petition as untimely filed. [Case 5:12-cv-124, Doc. 9]. The Court also dismissed Defendant's subsequent Motion for Reconsideration as an unsuccessful and unauthorized attempt to file a successive § 2255 petition. [Case 5:12-cv-124, Doc. 18].

On June 23, 2016, Defendant filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 Case 5:16-cv-00121. [Case 5:16-cv-00121, Doc. 1]. This Court dismissed the petition on November 14, 2018 as untimely filed. [Case 5:16-cv-00121, Doc. 14].

On December 3, 2018, Defendant filed the present Motion to Vacate Judgment. [Doc. 73].

**II.     LEGAL STANDARD**

Before a prisoner may file a second or successive motion under § 2255 challenging his federal criminal judgment, he first must obtain authorization to do so from the appropriate circuit court of appeals. 28 U.S.C. § 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the motion has been certified in advance by the appropriate appellate court. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

2

### III. DISCUSSION

Defendant purports to file his Motion to Vacate Judgment pursuant to Federal Rule of Criminal Procedure 33, which allows criminal defendants to seek a new trial based on newly discovered evidence within 3 years of the defendant's guilty verdict. Fed. R. Crim. P. 33. Defendant seeks leave of Court to vacate counts 4 and 8 of the indictment under Federal Rule of Criminal Procedure 48, which allows for dismissal of an indictment by the Court or upon motion by the Government. Fed. R. Crim. P. 48. However, Defendant's motion is not a proper and timely Rule 33 motion, nor does it entitle Defendant to any relief under Rule 48.

Defendant seeks to attack his judgment and conviction as to counts 4 and 8, arguing that he is actually innocent of his 18 U.S.C. § 924(c) convictions because the conduct which served as a basis for his convictions is no longer supported under the law. [Doc. 73]. Defendant's s motion is nothing more than an attempt to seek relief pursuant to 28 U.S.C. § 2255, which is unauthorized and successive. This is not Defendant's first attempt to seek § 2255 relief, as his previous § 2255 filings were dismissed as untimely and successive. [Case 5:12-cv-124, Docs. 9, 18; Case 5:16-cv-00121, Doc. 14]. Because Defendant has not obtained authorization from the Fourth Circuit to file a successive § 2255 motion, his motion is an unauthorized and successive motion over which this Court lacks jurisdiction to review.

Defendant's motion is also untimely filed. Motions seeking relief under 28 US.C. § 2255 are subject to a one-year statute of limitations, running from the latest of four commencement dates enumerated in 28 U.S.C. § 2255(f). Defendant's amended judgment was entered on March 25, 1996. Defendant filed the instant motion on December 3, 2018—years beyond the statute of limitations. Defendant argues that equitable tolling should apply to allow the Court to address his claims. [Doc. 73, p. 9-10]. However, to be entitled to equitable tolling of the statute of limitations,

3

"an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)). Defendant sets forth no such adequate grounds to allow for the application of equitable tolling.

**IT IS, THEREFORE, ORDERED** that

1. Defendant's Motion to Vacate Judgment [Doc. 73] is **DISMISSED** without prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 474, 484 (2000).

**IT IS SO ORDERED.**

Signed: July 22, 2021

Kenneth D. Bell
United States District Judge